UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

        Plaintiff,

v.

ERIC DAVID TAYLOR,

        Defendant.
_____/

Case No. 1:11-cr-182-02

HONORABLE PAUL L. MALONEY

## MEMORANDUM OPINION AND ORDER

Defendant Eric David Taylor has filed a motion for modification or reduction of sentence pursuant to 18 U.S.C. §3582(c)(2) based on the modification of the Drug Quantity Table with respect to drug quantity.

Section 3582(c)(2) permits a court to reduce the term of imprisonment of a defendant who has been sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Amendment 782 of the United States Sentencing Guidelines modified U.S.S.G. § 2D1.1, the Drug Quantity Table with regard to drug quantity, and U.S.S.G. § 2D2.1(b). These modifications were made retroactive effective November 1, 2014. U.S.S.G. § 1B1.10(c).

However, Amendment 782 provides Defendant no relief. Defendant pleaded guilty to an offense punishable under 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) requiring the application of U.S.S.G. § 2D1.1(a)(2) and a base offense level of 38. Defendant's original guideline range was 240 to 293 months. After the Court granted the Government's motion for downward departure

pursuant to 5K1.1 due to substantial assistance and Defendant's motion for a downward variance, he was sentenced to 180 months. In his response to the Sentence Modification Report, Defendant concedes he is ineligible for a reduction of sentence under 18 U.S.C. § 3582(c)(2). Because the guideline range has not been lowered by Amendment 782, the amendment is of no assistance to Defendant. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion modification of sentence pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 121) is **DENIED**.

Date: October 17, 2017     /s/ Paul L. Maloney
                          Paul L. Maloney
                          United States District Judge